LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (SBN 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

TERRY SHARP, an individual,

        Plaintiff,

   vs.

CITY OF SACRAMENTO; COUNTY OF SACRAMENTO; JOSEPH THEBEAU, an individual; MICHAEL LOSCHER, an individual; TERRENCE MERCADAL, an individual; TOD BEVINS, an individual; and DOES 1-10, inclusive,

        Defendants.

Case No.

**COMPLAINT FOR DAMAGES**

1. Unreasonable Search and Seizure—Unreasonable Search (42 U.S.C. § 1983)
2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)
4. Municipal Liability – Ratification (42 U.S.C. § 1983)
5. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)
6. Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)
7. Battery
8. Negligence
9. Bane Act (Cal. Civil Code 52.1)

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

TERRY SHARP brings this Complaint against Defendants CITY OF SACRAMENT, COUNTY OF SACRAMENTO, JOSEPH THEBEAU, MICHAEL LOSCHER, TERRENCE MERCADAL, TOD BEVINS, and DOES 1-10, inclusive, and hereby alleges as follows:

## INTRODUCTION

1.     This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the officer-involved shooting of Terry Sharp on October 11, 2022.

## JURISDICTION AND VENUE

2.     This case arises under 42 U.S.C. § 1983 and 1988 as well as California law.  This court has subject matter jurisdiction over Plaintiff's federal question and civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has jurisdiction over Plaintiff's supplemental state law claims under 28 U.S.C. § 1367 as those claims arise out of the same transactions and occurrences as Plaintiff's federal question claims.

3.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2) because all incidents, events, and occurrences giving rise to this action occurred in the City and the County of Sacramento, California.

## PARTIES

4.     At all relevant times, Plaintiff TERRY SHARP ("PLAINTIFF") was an individual residing in the City of Sacramento, County of Sacramento, California.

5.     At all relevant times, Defendant CITY OF SACRAMENTO ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Sacramento Police

Department ("SPD") and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, CITY was the employer of Defendants JOSEPH THEBEAU, MICHAEL LOSCHER, TERRANCE MERCADAL, TOD BEVINS, and DOE OFFICERS.

6.      At all relevant times, Defendant COUNTY OF SACRAMENTO ("COUNTY") is and was a municipal corporation existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Sacramento County Sheriff's Department ("SCSD") and its agents and employees.  At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, COUNTY was the employer of Defendants DOE DEPUTIES.

7.      At all relevant times, Defendant JOSEPH THEBEAU ("THEBEAU") was employed as a police officer for SPD, was acting under color of law, and within the course and scope of his duties as a police officer for SPD. Defendant THEBEAU was acting with the complete authority and ratification of his principal, Defendant CITY.

8.      At all relevant times, Defendant MICHAEL LOSCHER ("LOSCHER") was employed as a police officer for SPD, was acting under color of law, and within the course and scope of his duties as a police officer for SPD. Defendant LOSCHER was acting with the complete authority and ratification of his principal, Defendant CITY.

9.     At all relevant times, Defendant TERRENCE MERCADAL ("MERCADAL") was employed as a police officer for SPD, was acting under color of law, and within the course and scope of his duties as a police officer for SPD. Defendant MERCADAL was acting with the complete authority and ratification of his principal, Defendant CITY.

10.     At all relevant times, Defendant TOD BEVINS ("BEVINS") was employed as a police officer for SPD, was acting under color of law, and within the course and scope of his duties as a police officer for SPD. Defendant BEVINS was acting with the complete authority and ratification of his principal, Defendant CITY.

11.     At all relevant times, Defendants DOES 1-2 ("DOE OFFICERS") are police officers for SPD who were acting under color of law within the course and scope of their duties as police officers for the SPD. DOES 1-5 were acting with the complete authority and ratification of their principal, Defendant CITY.

12.     At all relevant times, Defendants DOES 3-5 ("DOE DEPUTIES") are sheriff's deputies working for SCSD who were acting under color of law within the course and scope of their duties as deputies for the SPD. DOES 3-5 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

13.     Defendants DOES 6-8 are managerial, supervisorial, and policymaking employees of SPD, who at all relevant times was acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the SPD. DOES 6-8 was acting with the complete authority and ratification of their principal, Defendant CITY.

14.     Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of SCSD, who at all relevant times was acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the SCSD. DOES 9-10 was acting with the complete authority and ratification of their principal, Defendant COUNTY.

15. On information and belief, at all relevant times Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOES 1-10 were residents of the County of Sacramento.

16. In doing the acts and failing and omitting to act as hereinafter described, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS were acting on the implied and actual permission and consent of DOES 6-8 and the CITY.

17. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE DEPUTIES were acting on the implied and actual permission and consent of DOES 9-10 and the COUNTY.

18. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 6-8 was acting on the implied and actual permission and consent of the CITY.

19. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 9-10 was acting on the implied and actual permission and consent of the COUNTY.

20. The true names and capacities, whether individual, corporate, association, or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

21. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

22. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized

agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

23.    Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS and DOES 1-10 are sued in their individual capacity.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

24.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 23 of this Complaint with the same force and effect as if fully set forth herein.

25.    On October 11, 2022, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES responded to an apartment complex located on the 6800 block of Di Lusso Drive in Elk Grove, California. On information and belief, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES were dressed in plain clothes and driving unmarked vehicles.

26.    On information and belief, approximately a week prior to this incident, Defendant THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES had placed a GPS tracker on a vehicle that was registered to PLAINTIFF, without a valid warrant to do so.

27.    At approximately 12:00 p.m., Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES observed PLAINTIFF entering his vehicle and attempted to detain PLAINTIFF.

28.    PLAINTIFF attempted to move away from Defendants THEBEAU, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES and was walking backwards, while still facing Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES.

29.     Defendant LOSCHER had approached from behind PLAINTIFF and had positioned himself near a tree close to the sidewalk. As PLAINTIFF began to turn around in the direction of Defendant LOSCHER, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES discharged their firearm at PLAINTIFF, striking PLAINTIFF several times.

30.     Defendant LOSHER was in plain clothes and did not identify himself as a police officer, give any commands, or give a warning that he was prepared to use deadly force prior to discharging his firearm.

31.     After the first volley, as PLAINTIFF attempted to move away from Defendant Officers and Deputies, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES discharged their firearm for a second volley of shots, striking PLAINTIFF several times and causing PLAINTIFF to fall to the ground. No commands or a warning that deadly force was going to be used was given prior to the second volley of shots.

32.     As PLAINTIFF got up off the ground and began to move away from Defendant Officers and Deputies again, Defendant LOSCHER discharged his firearm again for a third volley of shots, striking PLAINTIFF and causing PLAINTIFF to fall to the ground again.

33.     As PLAINTIFF got up off the ground and began to move away from Defendant Officers and Deputies again, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES discharged their firearm for a fourth volley of shots

34.     As PLAINTIFF continued to move away from Defendant Officers and Deputies, Defendant LOSCHER discharged his firearm again, for a fifth and sixth volley of shots, striking PLAINTIFF and causing him to fall on the ground again.

35.     At all relevant times, PLAINTIFF did not pose an immediate threat of death or serious bodily injury to anyone, including Defendants THEBEAU, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES. PLAINTIFF

never raised, attempted to raise, or pointed a firearm in the direction of Defendants THEBEAU, MERCADAL, BEVINS, DOE OFFICERS, DOE DEPUTIES, or anyone else. PLAINTIFF never made any verbal threats towards Defendants THEBEAU, MERCADAL, BEVINS, DOE OFFICERS, DOE DEPUTIES or anyone else at any point prior to or during the shooting.

36.     At all relevant times, Defendants THEBEAU, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES were not faced with an immediate defense of life situation and had less-lethal alternatives available to take PLAINTIFF into custody.

37.     Defendants THEBEAU, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES failed to provide a warning that they were prepared to use lethal force prior to their use of lethal force, despite it being feasible to do so.

38.     On information and belief, despite having knowledge that PLAINTIFF was seriously injured by Defendants THEBEAU, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES' use of deadly force, THEBEAU, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES failed to timely summon medical care or permit medical personnel to treat PLAINTIFF. The delay of medical care to PLAINTIFF was a contributing cause of PLAINTIFF's harm, injury, pain and suffering.

39.     PLAINTIFF sustained multiple gunshot wounds that resulted in serious injuries, including fractures to his C5 and C6 vertebrae, pain and suffering, and permanent disfigurement.

//
//
//
//
//
//

# FIRST CLAIM FOR RELIEF

## Unreasonable Search and Seizure—Unreasonable Search (42 U.S.C. § 1983)

(Against Defendants JOSEPH THEBEAU, MICHAEL LOSCHER, TERRENCE MERCADAL, TOD BEVINS, DOE OFFICERS, and DOE DEPUTIES)

40.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

41.     Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES unreasonably searched PLAINTIFF when they placed a Global-Positioning-System ("GPS") tracking device on a vehicle registered in PLAINTIFF's name and monitored the vehicle's movements in an attempt to obtain information as to PLAINTIFF's travel patterns.

42.     On information and believe, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES did not have a warrant to place the GPS tracking device on the vehicle registered in PLAINTIFF's name or obtained an insufficient warrant that was unsupported by probable cause.

43.      Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES unlawful search of the vehicle deprived PLAINTIFF of his right to be secure in his person against unreasonable searches as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

44.     PLAINTIFF suffered damages as a result of the foregoing.

45.     As a result of Defendants' misconduct as described above, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES are liable for PLAINTIFF's damages, either because they were integral participants in the unreasonable search or because they failed to prevent these violations.

46.     The conduct of Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES.

47.     Plaintiff seeks compensatory damages for violations of his rights. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES)

48.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

49.     Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES used excessive and unreasonable force against PLAINTIFF when they shot him several times. Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES' unjustified use of force deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

50.     As a result of the foregoing, PLAINTIFF suffered serious bodily injury, humiliation, pain and suffering, disfigurement, and past and future emotional and mental distress and financial loss.

51.     At all relevant times, PLAINTIFF did not forcibly resist, nor did he pose an immediate threat of death or serious bodily injury to Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES or anyone else.

52.     Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES' use of force was excessive and objectively unreasonable and contrary to basic police officer training because PLAINTIFF posed no immediate threat of death or serious bodily injury to anyone at the time.

53.     Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES did not exhaust all reasonable available alternative measures prior using deadly force on PLAINTIFF. Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES failed provide adequate commands and warnings prior to using deadly force, despite it be feasible to do so.

54.     As a result of their misconduct as described above, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES are liable for PLAINTIFF's injuries, either because they were integral participants in the use of excessive force or because they failed to prevent these violations.

55.     The conduct of Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES.

56.     Plaintiff seeks compensatory damages for the violation of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and

suffering, emotional and mental distress stemming from physical injuries, humiliation, and disfigurement. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## **THIRD CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES)

57.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 58 of this Complaint with the same force and effect as if fully set forth herein.

58.     At all relevant times, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES were acting under color of state law.

59.     Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES failed to provide much needed medical care to PLAINTIFF, failed to timely summon needed medical care for PLAINTIFF, prevented medical care personnel from timely treating PLAINTIFF, and refused to permit medical care personnel access to PLAINTIFF for care at the scene for an appreciable amount of time after the incident.

60.     The denial of medical care by Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

61.     As a result of the foregoing, PLAINTIFF suffered serious bodily injury, humiliation, pain and suffering, disfigurement, and past and future emotional and mental distress and financial loss.

62.     Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES knew that failure to provide timely medical treatment to PLAINTIFF could result in further significant injury, the unnecessary and wanton infliction of pain, or death, but disregarded that serious medical need, causing PLAINTIFF great bodily harm.

63.     The conduct of Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES.

64.     As a result of their misconduct as described above, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES are liable for PLAINTIFF's injuries, either because they were integral participants or because they failed to prevent these violations.

65.     Plaintiff seeks compensatory damages for the violation of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from physical injuries, humiliation, and disfigurement. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

**FOURTH CLAIM FOR RELIEF**

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

(Against Defendants CITY, COUNTY and DOES 6-10)

66.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 65 of this Complaint with the same force and effect as if fully set forth herein.

67.    At all relevant times, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES were acting under color of state law and in the course and scope of their employment as police officers for CITY and sheriff's deputies for COUNTY respectively.

68.    The acts of Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES as described above, including using lethal force against PLAINTIFF, deprived PLAINTIFF of his rights under the United States Constitution.

69.    Upon information and belief, a final policymaker for CITY, acting under color of law, who had final policymaking authority concerning the acts of Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS, ratified (or will ratify) Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS' acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS' acts, which include use of excessive force against Plaintiff as well as the unreasonable search of PLAINTIFF and denial of medical care.

70.    Upon information and belief, a final policymaker for CITY has determined (or will determine) that the acts of Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS were "within policy."

71.    Upon information and belief, a final policymaker for COUNTY, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE DEPUTIES, ratified (or will ratify) Defendants DOE DEPUTIES' acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendants DOE DEPUTIES' acts, which include use of excessive force against Plaintiff as well as the unreasonable search of PLAINTIFF and denial of medical care.

72.     Upon information and belief, a final policymaker for COUNTY has determined (or will determine) that the acts of Defendants DOE DEPUTIES were "within policy."

73.     By reason of the aforementioned acts and omissions, PLAINTIFF suffered serious bodily injury, humiliation, pain and suffering, disfigurement, and past and future emotional and mental distress and financial loss.

74.     Accordingly, Defendants THEBEAU, LOSCHER, MECADAL, BEVINS, DOE OFFICERS, DOE DEPUTIES, CITY, COUNTY, and DOES 6-10 each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

75.     Plaintiff seeks compensatory damages for the violation of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from physical injuries, humiliation, and disfigurement. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(Against Defendants CITY, COUNTY, and DOES 6-10)

76.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 75 of this Complaint with the same force and effect as if fully set forth herein.

77.     At all relevant times, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES were acting under color of state law in the course and scope of their employment as police officers for CITY and sheriff's deputies for COUNTY respectively.

78.     The acts of Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES deprived PLAINTIFF of his rights under the United States Constitution.

79.     The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

80.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately. Specifically, CITY failed to adequately train Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS with respect to obtaining valid search warrants, detentions and arrests, tactics, use of less-lethal options, and the use of deadly force, including determining whether the use of deadly force is reasonable and appropriate under the circumstances.

81.     The failure of Defendant CITY to provide adequate training caused the deprivation of the PLAINTIFF's rights by Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS; that is, CITY's failure to train is so closely related to the deprivation of PLAINTIFF's rights as to be the moving force that caused the ultimate injury.

82.     The training policies of Defendant COUNTY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

83.     Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately. Specifically, COUNTY failed to adequately train Defendants DOE DEPUTIES with respect to obtaining valid search warrants, detentions and arrests, tactics, use of less-lethal options, and the use of deadly force, including determining whether the use of deadly force is reasonable and appropriate under the circumstances.

84.     The failure of Defendant COUNTY to provide adequate training caused the deprivation of the PLAINTIFF's rights by Defendants DOE DEPUTIES; that is,

COUNTY's failure to train is so closely related to the deprivation of PLAINTIFF's rights as to be the moving force that caused the ultimate injury.

85.     By reason of the aforementioned acts and omissions, PLAINTIFF suffered serious bodily injury, humiliation, pain and suffering, disfigurement, and past and future emotional and mental distress and financial loss.

86.     Accordingly, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, DOE DEPUTIES, CITY, COUNTY and DOES 6-10 each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

87.     Plaintiff seeks compensatory damages for the violation of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from physical injuries, humiliation, and disfigurement. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## FIFTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants CITY, COUNTY, and DOES 6-10)

88.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 87 of this Complaint with the same force and effect as if fully set forth herein.

89.     At all relevant times, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES were acting under color of state law in the course and scope of their employment as police officers for CITY and sheriff's deputies for COUNTY respectively.

90.     When Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES performed an unlawful search on a vehicle registered to PLAINTIFF's name, shot PLAINTIFF, and denied him timely medical

attention, they acted pursuant to an expressly adopted official policy/ies or a longstanding practice(s) or custom of the Defendant CITY and COUNTY respectively.

91.    On information and belief, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with their unlawful search and use of lethal force against PLAINTIFF.

92.    Defendants CITY, COUNTY and DOES 6-10, together with other CITY and COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

> (a)    Using excessive force, including excessive deadly force;
>
> (b)    Providing inadequate training regarding the use of deadly force;
>
> (c)    Employing and retaining as law enforcement individuals whom Defendant CITY and COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;
>
> (d)    Inadequately supervising, training, controlling, assigning, and disciplining CITY police officers and COUNTY sheriff's deputies, and other personnel, whom Defendant CITY and COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;
>
> (e)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY police officers and COUNTY sheriff's deputies;
>
> (f)    Failing to adequately discipline CITY police officers and COUNTY sheriff's deputies for the above-referenced categories

of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

(j) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

93.   Defendants CITY, COUNTY, and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said

defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

94.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, CITY, COUNTY, and DOES 6-10 acted with intentional, reckless, and callous disregard for the life and constitutional rights of PLAINTIFF.  Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY, COUNTY, and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of PLAINTIFF.

95.     By reason of the aforementioned acts and omissions, PLAINTIFF suffered serious bodily injury, humiliation, pain and suffering, disfigurement, and past and future emotional and mental distress and financial loss.

96.     Accordingly, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, DOE DEPUTIES, CITY, COUNTY and DOES 6-10 each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

97.     Plaintiff seeks compensatory damages for the violation of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from physical injuries, humiliation, and disfigurement. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

//
//
//
//
//
//

# SIXTH CLAIM FOR RELIEF

### Battery

(Against All Defendants)

98.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 97 of this Complaint with the same force and effect as if fully set forth herein.

99.     At all relevant times, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS were working as police officers for SPD and was acting within the course and scope of their duties as police officers for the CITY.

100.   At all relevant times, Defendants DOE DEPUTIES were working as sheriff's deputies for SCSD and was acting within the course and scope of their duties as a sheriff's deputies for the COUNTY.

101.   Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES, while working as police officer for SPD and sheriff's deputies for SCSD respectively, and acting within the course and scope of their duties, intentionally shot PLAINTIFF multiple times and used unreasonable and excessive force against him.

102.   Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES had no legal justification for using force against PLAINTIFF, and their use of force while carrying out their duties as police officers and sheriff's deputies was an unreasonable and non-privileged use of force.

103.   As a direct and proximate result of the conduct of Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES as alleged above, PLAINTIFF suffered serious bodily injury, humiliation, pain and suffering, disfigurement, and past and future emotional and mental distress and financial loss.

104.   The CITY is vicariously liable for the wrongful acts of Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

105.   The COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

106.   The conduct of Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling PLAINTIFF to an award of exemplary and punitive damages, which Plaintiff seeks under this claim.

107.   Plaintiff seek compensatory economic and noneconomic damages under this claim. Plaintiff also seeks punitive damages under this claim.

### SEVENTH CLAIM FOR RELIEF

**Negligence (Wrongful Death)**

(Against all Defendants)

108.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 106 of this Complaint with the same force and effect as if fully set forth herein.

109.   The actions and inactions of Defendants were negligent and reckless, including but not limited to:

(a)   Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES' failure to obtain a

1  search warrant or failure to obtain a valid search warrant due to

2  insufficient probable cause or false information supporting

3  probable cause prior to placing a GPS tracker onto the vehicle

4  that was registered in PLAINTIFF's name;

5  (b)  Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS,

6  DOE OFFICERS, and DOE DEPUTIES' failure to properly and

7  adequately assess the need to detain, arrest, and use force and/or

8  deadly force against PLAINTIFF;

9  (c)  Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS,

10  DOE OFFICERS, and DOE DEPUTIES' negligent tactics and

11  handling of the situation with PLAINTIFF, including pre-force

12  negligence;

13  (d)  Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS,

14  DOE OFFICERS, and DOE DEPUTIES' negligent detention,

15  arrest, and use of force, against PLAINTIFF;

16  (e)  Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS,

17  DOE OFFICERS, and DOE DEPUTIES' failure to provide

18  prompt medical care to PLAINTIFF,

19  (f)  the CITY's failure to properly train and supervise employees,

20  both professional and non-professional, including Defendants

21  THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE

22  OFFICERS;

23  (g)  the COUNTY's failure to properly train and supervise

24  employees, both professional and non-professional, including

25  Defendants DOE DEPUTIES;

26  (g)  the CITY's and COUNTY's failure to ensure that adequate

27  numbers of employees with appropriate education and training

28

1    were available to meet the needs of and protect the rights of

2    PLAINTIFF.

3    110.   As a direct and proximate result of Defendants' conduct as alleged

4    above, and other undiscovered negligent conduct, PLAINTIFF suffered serious

5    bodily injury, humiliation, pain and suffering, disfigurement, and past and future

6    emotional and mental distress and financial loss.

7    111.   The CITY is vicariously liable for the wrongful acts of Defendants

8    THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS and DOES 6-8

9    pursuant to section 815.2(a) of the California Government Code, which provides

10   that a public entity is liable for the injuries caused by its employees within the scope

11   of the employment if the employee's act would subject him or her to liability.

12   112.   The COUNTY is vicariously liable for the wrongful acts of Defendants

13   DOE DEPUTIES and DOES 9-10 pursuant to section 815.2(a) of the California

14   Government Code, which provides that a public entity is liable for the injuries

15   caused by its employees within the scope of the employment if the employee's act

16   would subject him or her to liability.

17   113.   Plaintiff seek compensatory economic and noneconomic damages

18   under this claim.

19

20   **EIGHTH CLAIM FOR RELIEF**

21   **Violation of Cal. Civil Code § 52.1 (Bane Act)**

22   (Against All Defendants)

23   114.   Plaintiff repeats and realleges each and every allegation in paragraphs 1

24   through 113 of this Complaint with the same force and effect as if fully set forth

25   herein.

26   115.   California Civil Code, Section 52.1 (the Bane Act), prohibits any

27   person from using violent acts or threatening to commit violent acts in retaliation

28   against another person for exercising that person's constitutional rights.  An intent to

violate a person's civil rights can be inferred by a reckless disregard for the person's civil rights.

116.   On information and believe, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS, while working for CITY and acting within the course and scope of their duties as  police officers, and Defendants DOE DEPUTIES, while working for COUNTY an acting within the course and scope of their duties as sheriff's deputies, intentionally committed and attempted to commit acts of violence against PLAINTIFF and also acted with a reckless disregard for PLAINTIFFs civil rights, including by shooting him without justification or excuse, and by denying him necessary medical care.

117.   When Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES shot PLAINTIFF, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

118.   On information and belief, Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES intentionally and spitefully committed the above acts to discourage PLAINTIFF from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was and is fully entitled to enjoy.

119.   On information and belief, PLAINTIFF reasonably believed and understood that the violent acts committed by Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

120.    Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES intentionally and successfully interfered with the

1  above civil rights of PLAINTIFF, including his right to be free from excessive

2  force, and acted with a reckless disregard for these rights.

3       121.   The conduct of Defendants was a substantial factor in causing

4  PLAINTIFF's harms, losses, injuries, and damages.

5       122.   The CITY is vicariously liable for the wrongful acts of Defendants

6  THEBEAU, LOSCHER, MERCADAL, BEVINS, and DOE OFFICERS pursuant to

7  section 815.2(a) of the California Government Code, which provides that a public

8  entity is liable for the injuries caused by its employees within the scope of the

9  employment if the employee's act would subject him or her to liability.

10      123.   The COUNTY is vicariously liable for the wrongful acts of Defendants

11  DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code,

12  which provides that a public entity is liable for the injuries caused by its employees

13  within the scope of the employment if the employee's act would subject him or her

14  to liability.

15      124.   Defendants DOES 6-10 are vicariously liable under California law and

16  the doctrine of *respondeat superior*.

17      125.   Defendants THEBEAU, LOSCHER, MERCADAL, BEVINS, DOE

18  OFFICERS, and DOE DEPUTIES' conduct was malicious, wanton, oppressive, and

19  accomplished with a conscious disregard for PLAINTIFF's rights, justifying an

20  award of exemplary and punitive damages as to Defendants THEBEAU,

21  LOSCHER, MERCADAL, BEVINS, DOE OFFICERS, and DOE DEPUTIES.

22      126.   Plaintiff seek compensatory economic and noneconomic damages

23  under this claim. Plaintiff also seeks treble damages, punitive damages, attorney's

24  fees, and costs under this claim.

25

26

27

28

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff TERRY SHARP, requests entry of judgment in his favor and against Defendants the City of Sacramento, County of Sacramento, Joseph Thebeau, Michael Loscher, Terrence Mercadal, Tod Bevins, and DOES 1-10, inclusive, as follows:

A. For compensatory damages in whatever other amount may be proven at trial, including damages for his serious physical injuries, for his pain and suffering, for past and future medical expenses, for past and future financial loss, and for past and future mental and emotional distress;

B. For punitive damages against the individual defendants in an amount to be proven at trial;

C. For statutory damages;

D. For treble damages pursuant to California Civil Code Sections 52, 52.1;

E. For interest;

F. For reasonable attorneys' fees, including litigation expenses;

G. For costs of suit; and

H. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: October 10, 2024          LAW OFFICES OF DALE K. GALIPO

By_____*/s/ Dale K. Galipo*_____
          Dale K. Galipo
          Hang D. Le
          Attorneys for Plaintiff

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2      Plaintiff hereby demands a trial by jury.

3

4   DATED: October 10, 2024          LAW OFFICES OF DALE K. GALIPO

5

6

7                                By_____/s/ Dale K. Galipo_____
                                      Dale K. Galipo
8                                     Hang D. Le
                                      Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28